UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| VIRGIL MAURICE GREEN,<br><br>Plaintiff,<br><br>v.<br><br>MDOC HEALTHCARE,<br><br>Defendant. | Case No. 26-11912<br>Honorable Laurie J. Michelson |

**OPINION AND ORDER SUMMARILY DISMISSING COMPLAINT [1]**

On June 9, 2026, Virgil Maurice Green, an inmate at the Bellamy Creek Correctional Facility in Ionia, Michigan, filed a *pro se* civil rights complaint against MDOC Healthcare under 42 U.S.C. § 1983. (ECF No. 1.) Green alleges that prison officials violated his constitutional rights by being deliberately indifferent to his medical needs related to back surgery. (*See generally id.*)

For the reasons that follow, the Court summarily dismisses Green's complaint.

**I.**

Along with his complaint, Green filed an application to proceed without prepaying fees or costs. (ECF No. 6.) Chief Magistrate Judge David R. Grand granted that application. (ECF No. 7.) As a result, the Court must screen Green's complaint and decide whether it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

**II.**

The Court begins and ends its analysis with that third category: immunity. The Eleventh Amendment immunizes the Michigan Department of Corrections (MDOC) from suit. *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013). It is true that Eleventh Amendment immunity may be abrogated by Congress or by state consent. *See id.* (citations omitted). But "§ 1983 does not abrogate the Eleventh Amendment" and "Michigan has not consented to the filing of civil rights suits against it in federal court." *Id.* (citations omitted). Moreover, MDOC is not "a 'person' that may be sued for money damages under § 1983." *Id.* (collecting cases).

To the extent Green attempted to name the Bureau of Healthcare Services as a defendant, that would also fail because it "is a branch of MDOC and is entitled to sovereign immunity on that basis." *Anger v. Chung*, No. 13-12143, 2014 WL 859717, at *3 (E.D. Mich. Mar. 5, 2014); *see also Vasquez v. Michigan Dep't of Corr. Bureau of Healthcare Servs.*, No. 24-503, 2024 WL 4297484, at *1 (W.D. Mich. Sept. 26, 2024) ("Defendants MDOC and MDOC Bureau of Healthcare Services are absolutely immune from a § 1983 suit under the Eleventh Amendment and are not a 'person' who may be sued under § 1983 for money damages.").

For these reasons, Green filed suit against a defendant immune from money damages.[1] His complaint is thus summarily dismissed. 28 U.S.C. § 1915(e)(2)(B)(iii).

IT IS SO ORDERED.

[1] Green's complaint is difficult to decipher. It does not appear, however, that he seeks non-monetary damages. (*See generally* ECF No. 1.)

Dated: October 7, 2026

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE